IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUN LIFE ASSURANCE § <br> COMPANY OF CANADA § <br> § <br> VS. § <br> § <br> FRANK C. MARTINEZ § <br> and ANDREW P. BEZIK § | | Case No. 4:10CV620 <br> (Judge Bush) |

## MEMORANDUM OPINION AND ORDER
## <u>GRANTING MOTION FOR SUMMARY JUDGMENT</u>

Now before the Court is Defendant Frank C. Martinez's Motion for Summary Judgment (Dkt. 22). Having reviewed the record in this case and as stated at the hearing held on September 13, 2011, the Court finds that the motion should be GRANTED.

### BACKGROUND

This interpleader action was originally filed by Sun Life Assurance Company of Canada regarding disputed policy benefits. The insurance policy at issue was a group term insurance policy provided to Shawn C. Bezik in conjunction with her employment at Boomtown Casino & Casino in Bossier City, Louisiana. After Shawn C. Bezik died on June 22, 2010, both Frank C. Martinez, her friend and purported fiancé, and Andrew P. Bezik, her son, made claims to the policy benefits. Martinez claims he is entitled to the policy benefits because Shawn C. Bezik designated him as the beneficiary. Andrew P. Bezik acknowledges that Martinez is listed as a beneficiary but claims that he is entitled to the benefits because he is his mother's legal heir. Since the filing of this suit, Sun

1

Life has been dismissed and the $20,000 in insurance benefits have been deposited into the registry of the Court pending resolution of the matter.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

### ANALYSIS

Here, Martinez has moved for summary judgment, arguing that he is entitled to the proceeds of Shawn Bezik's life insurance policy because he is listed as the sole beneficiary on the benefit enrollment form. In moving for summary judgment, Martinez has offered copies of the policy at issue, the benefit enrollment form listing him as a beneficiary, the claim form Martinez filed as to the policy, and a letter from the insurance company regarding the dispute as to benefits. Martinez's motion argues that the plain language of the policy and related paperwork completed by Shawn Bezik make it clear that there is no issue of material fact as to who is entitled to the policy benefits, warranting summary judgment in his favor.

After the filing of Martinez's motion for summary judgment, when no response was timely filed, Andrew Bezik, who is proceeding *pro se*, was given additional time to file his summary judgment response. The one-page response filed by Bezik argues that Martinez should not receive the policy benefits because Martinez is not Shawn Bezik's legal heir, Martinez was not actually married to Shawn Bezik, and Shawn Bezik was attempting to end her relationship with Martinez at the time of her death. Andrew Bezik has offered no summary judgment evidence or authority in support of his position.

Such a response is simply not enough to overcome summary judgment. The non-movant's burden in summary judgment proceedings is clear. He must set forth summary judgment evidence to show there is a genuine issue for trial. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655. And Bezik has offered nothing to create a genuine issue of material fact as to the policy benefits. Indeed, Bezik does not challenge in any way the validity or authenticity of the form designating Martinez as the beneficiary. And, even allowing Bezik the deference he is entitled to as a *pro se* litigant, a review of the summary judgment record and governing case law indicates that summary judgment should be granted for Martinez.

According to the Benefit Enrollment Form/Change Form completed by Shawn Bezik prior to her death, she listed Frank Martinez as the Primary Beneficiary for the life insurance policy. *See* Dkt. 22-2. On that form, Martinez is listed as a "friend" who lives as her same address. Such a designation is consistent with Bezik's own allegation that Martinez and Shawn Bezik were not married at the time of her death. However, such a lack of formal legal relationship is of little consequence here.

Martinez asserts that the provisions set forth in the Employee Retirement Income Security Act of 1974 ("ERISA") govern this claim and preempt application of any state law. *See* 29 U.S.C. § 1144(a). The right to receive benefits under an ERISA plan is an area of exclusive federal concern, and Bezik has made no showing that the policy here is not governed by ERISA. *Hollis v. Provident Life and Acc. Ins. Co.*, 259 F.3d 410, 414 (5th Cir. 2001). Section 1104(a)(1)(D) of ERISA requires a plan administrator to discharge his duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter II of this chapter." 29 U.S.C. § 1104(a)(1)(D). According to the documents and instruments offered by Martinez as part of the summary judgment record – and uncontroverted by Bezik – Martinez is the sole beneficiary here. Bezik has identified no summary judgment evidence that would indicate that the policy prevents a non-relative, like Martinez, from being a beneficiary. Indeed, the policy defines beneficiary as follows:

> Beneficiary means the person (other than the Employer) who is entitled to receive death benefit proceeds as the become due under this Policy. A Beneficiary must be named by the Employee on a form acceptable to Sun Life and executed by the Employee.

Dkt. 22-1 at Page ID #170.

Frank Martinez was named on the Sun Life beneficiary form, and Andrew Bezik was not. *See* Dkt. 22-2. Frank Martinez is thus the sole beneficiary entitled to receive the death benefit proceeds.

Therefore, it is ORDERED that Defendant Frank C. Martinez's Motion for Summary Judgment is GRANTED in its entirety. The $20,000.00 death benefit insurance proceeds deposited

into the Court's registry by Sun Life Assurance Company of Canada shall be paid to Defendant Frank C. Martinez.  All costs shall be borne by the party incurring same.

**SO ORDERED.**

**SIGNED this 14th day of September, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE